UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KUCINSKAS,

                              CASE NO. 06-CV-12195-DT
          Plaintiff,     JUDGE JULIAN ABELE COOK
                              MAGISTRATE JUDGE PAUL J. KOMIVES
v.

FLEETWOOD MOTOR HOMES
OF INDIANA, INC.; FREIGHTLINER
CUSTOM CHASSIS CORP.;
MICHAL ENTERPRISES, INC. and
WOLVERINE FREIGHTLINERS-WESTSIDE ,

          Defendants,
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT FLEETWOOD'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (Doc. Ent. 24) and DEFENDANT FREIGHTLINER'S CONCURRENCE (Doc. Ent. 28)

**I.**    **RECOMMENDATION:** The Court should grant defendant Fleetwood's motion to dismiss for failure to prosecute and dismiss plaintiff's claims against it. Doc. Ent. 24. The Court should also grant defendant Freightliner's request for an order granting the motion and dismissing plaintiff's claims against it. Doc. Ent. 28.

**II.**    **REPORT:**

**A.**    **Procedural Background**

On April 13, 2006, plaintiff Michael Kucinskas filed a complaint against defendants Fleetwood Motor Homes of Indiana, Inc. ("Fleetwood"); Freightliner Custom Chassis ("Freightliner"), Michal Enterprises, Inc. ("ME") and Wolverine Freightliner-Westside ("Wolverine") in Wayne County Circuit Court. Doc. Ent. 1 at 8. Plaintiff alleges counts of (I) breach of warranty of merchantability; (II) violation of the Magnuson-Moss Warranty Act; (III)

breach of warranty of fitness; (IV) revocation; (V) violation of the Michigan Consumer Protection Act; (VI) negligent repair and (VII) breach of express warranty. Doc. Ent. 1 at 11-19. On May 12, 2006, defendant Freightliner removed the case to this Court. Doc. Ent. 1 at 3. Defendants Fleetwood and Freightliner filed answers on May 17th and 18, 2006. Doc. Entries 3 and 4. A joint proposed discovery plan was filed on August 10, 2006. Doc. Ent. 6.

On August 14, 2006, defendant Wolverine filed a brief in support of its motion for summary judgment. Doc. Ent. 9. A stipulation of dismissal with prejudice as to defendant Wolverine was filed on December 14, 2006. Doc. Ent. 13. On January 10, 2007, Judge Cook entered an order of dismissal with prejudice as to defendant Wolverine. Doc. Ent. 14. Judge Cook conducted a status/scheduling conference on January 23, 2007.

Defendant Freightliner noticed plaintiff's deposition and the subject vehicle's inspection for February 26, 2007. Doc. Ent. 24-3. On February 28, 2007, defendant Freightliner re-noticed plaintiff's deposition for March 16, 2007. Doc. Ent. 24-4. On March 15, 2007, defense counsel acknowledged that attorney Russell D. Brown was in the process of withdrawing as plaintiff's counsel and adjourned the deposition. Doc. Ent. 24-5.

On March 20, 2007, Judge Cook set the discovery deadline for April 23, 2007, and the deadline for filing dispositive motions for May 7, 2007, and the witness list deadline for April 9, 2007. Doc. Ent. 16.[1] On March 23, 2007, counsel for Freightliner electronically mailed attorney Geoff Lahn, who stated that he would submit his substitution of counsel the following week. Doc. Ent. 24-6.

---

[1] Defendant Fleetwood filed its witness list on April 9, 2007. Doc. Ent. 18.

2

On April 25, 2007, defendant Freightliner filed a motion to extend discovery for the purpose of deposing plaintiff and to compel the deposition of plaintiff. Doc. Ent. 21. Defendants Fleetwood and ME concurred in this motion. Doc. Ent. 22. On August 6, 2007, Judge Cook granted the request and set the discovery deadline for August 10th and the dispositive motion deadline for August 31, 2007. Doc. Ent. 23.

On August 7, 2007, counsel for defendants Fleetwood and ME sent a letter to attorney Russell D. Brown, attorney J. Geoffrey Lahn, and plaintiff Michael Kucinskas. In part, the letter sought immediate identification of dates "within the next fourteen (14) days when Mr. Kucinskas [could] be available for a deposition and the motor home [could] be available for an inspection." Doc. Ent. 24-7.

**B.     Defendant Brand's Motion to Dismiss**

On October 11, 2007, defendant Fleetwood filed a motion to dismiss for failure to prosecute. Doc. Ent. 24. It argues that "plaintiff's claims against defendants should be dismissed for refusing to participate in the discovery phase of this lawsuit[.]" Doc. Ent. 24 at 4-6. A copy of this motion was mailed to attorney Brown. Doc. Ent. 25. A copy of this motion was also sent to plaintiff, himself, and to attorney Lahn. Doc. Ent. 26.

On October 15, 2007, attorney Lahn filed an appearance on plaintiff's behalf. Doc. Ent. 27. On the same date, defendant Freightliner filed a concurrence in this motion. It claims that, "[l]ike Defendant Fleetwood, Defendant Freightliner has been severely prejudiced by Plaintiff's failure to prosecute and failure to comply with the rules and orders of the Court. Plaintiff's failure to prosecute has deprived Defendant Freightliner of the opportunity to obtain the discovery needed to defend itself in this suit." Doc. Ent. 28 at 2 ¶ 3.

3

On October 23, 2007, Judge Cook referred defendant Fleetwood's motion and defendant Freightliner's concurrence to me for report and recommendation. Doc. Ent. 30. Two days later, on October 25, 2007, I entered an order setting the response deadline to defendant Fleetwood's motion for November 19, 2007. My order provided that the motions would be decided upon the papers without being scheduled for oral argument. Doc. Ent. 31.

On December 5, 2007, Judge Cook entered an amended scheduling order which set the joint pretrial order filing deadline for February 11, 2008; the due date for motions in limine for February 11, 2007, the final pretrial conference date and time for February 19, 2008, and the jury trial for March 4, 2008. Doc. Ent. 32. On February 11, 2008, defendants Fleetwood and Freightliner filed a joint statement in which they "repeat their pending request that Plaintiff's claims against them be dismissed for failure to prosecute and, further, request that in lieu of any further proceedings in this matter an order be entered dismissing Plaintiff's claims in their entirety with prejudice." Doc. Ent. 33 at 3 ¶ 8.

**C.     Applicable Law**

**1.     Fed. R. Civ. P. 37(b)(2)**

Rule 37(b)(2) provides, in pertinent part, that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(C). The rule further provides that "[i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the

order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

"A district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (referencing Fed. R. Civ. P. 37(b)(2)(C)). "Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery." *Wittman v. Wilson*, 95 Fed. Appx. 752, **2 (6th Cir. 2004) (unpublished). *See also Maldonado v. Thomas M. Cooley Law School*, 65 Fed. Appx. 955, **2 (6th Cir. 2003) (unpublished).

**2.      Dismissal as a sanction for failure to cooperate in discovery**

"In *Regional Refuse*[,]we discussed the factors a district court should evaluate in determining whether to impose sanctions under Rule 37(b)(2)(C) for noncompliance with discovery orders[.]" *Bank One of Cleveland, N.A.*, 916 F.2d at 1079. "This court has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-155 (6th Cir.1988)).[2] "The first factor is whether the party's failure to cooperate in discovery is due to

---

[2]*Regional Refuse Systems, Inc.* was superseded by Fed. R. Civ. P. 37(c)(1) in 1993. *See Vance, by and Through Hammons v. United States*, No. 98-5488, 1999 WL 455435, **6 (6th Cir. 1999) (unpublished). Fed. R. Civ. P. 37(c) governs a party's "failure to disclose; false or misleading

willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland*, 103 F.3d at 1277. *See also Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc.*, 842 F.2d at 153-155); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-643 (1976)). Dismissal of a case is appropriate if plaintiff's failure to respond to discovery ordered by the court manifests "flagrant bad faith" and "callous disregard". *National Hockey League*, 427 U.S. at 642-643. However, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Manufacturing Company*, 15 F.3d 546, 551-552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988)).

**3.     Fed. R. Civ. P. 41(b)**

---

disclosure; [or] refusal to admit." However, *Vanc*e acknowledges that the *Regional Refuse Systems, Inc.* test does apply to cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b). *Vance*, 1999 WL 455435 at \*\*6.

The instant motion is based upon Fed. R. Civ. P. 41(b), which provides in part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Doc. Ent. 38 at 2. The Sixth Circuit "has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance." *Little*, 984 F.2d at 162 (citing *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)).

The factors to consider when determining whether to dismiss a case pursuant to Rule 41(b) mirror the factors to consider when determining whether to dismiss a case pursuant to Rule 37(b). "In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), we consider four factors: '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;[3] and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" *United States*

---

[3]"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

*v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. American Tel. & T. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Bryant v. United States, ex rel. U.S. Postal Service*, 166 Fed. Appx. 207, 210 (6th Cir. 2006); *Southern Wabash Communications, Ltd. v. Union County Braodcasting Co., Inc.*, 69 Fed. Appx. 285, 290 (6th Cir. 2003).

**D.     The Court Should Grant Defendant Fleetwood's Motion to Dismiss.**

Defendant Fleetwood claims that "[p]laintiff's counsel did not appear at the Status/Scheduling Conference conducted by this Court on January 23, 2007[,]" Doc. Ent. 24 at 3 ¶ 3; plaintiff has not filed a witness list, Doc. Ent. 24 at 3 ¶ 5; and "[d]efendants have not been able to proceed with either the deposition or the inspection[,]" Doc. Ent. 24 at 3 ¶ 6. Defendant Fleetwood further claims that neither plaintiff nor any counsel for plaintiff has ever "agreed to make Plaintiff available for a deposition or the motor home available for an inspection." Doc. Ent. 24 at 3 ¶ 9. Additionally, defendant Fleetwood claims that there has been no response to its August 7, 2007, letter. Doc. Ent. 24 at 4 ¶ 12.

Together, defendants Fleetwood and Freightliner point out that plaintiff has not filed a response to the pending dispositive motion, Doc. Ent. 33 at 2 ¶ 5, and that "[c]onsistent with Plaintiff's ongoing and continuous failure to prosecute his claims, Plaintiff has never initiated any contact with either Fleetwood or Freightliner to prepare a Joint Pretrial Order or otherwise done anything to comply with his obligation under Local Rule 16.2(a) to convene a conference of all parties, compile the order and submit the order to the Court." Doc. Ent. 33 at 2-3 ¶ 7.

Although defendant Fleetwood alleged in its motion that "no Substitution of Counsel or Appearance by new counsel has ever been filed and no Withdrawal of Plaintiff's prior counsel has ever been filed[,]" Doc. Ent. 24 at 3 ¶ 9, attorney Lahn filed an appearance following the

8

filing of the instant motion to dismiss. Still, it is telling that, notwithstanding my scheduling order, no response to the pending dispositive motion was filed.

Considering the representations of counsel for defendants Fleetwood and Freightliner, as well as the absence of a response to the instant motion, the Court should grant the motion to dismiss for failure to prosecute and dismiss plaintiff's claims as to these defendants.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated 2/12/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 12, 2008.

s/Eddrey Butts
Case Manager