UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL KUCINSKAS,

        Plaintiff,

v.

        Case No. 06-12195

FLEETWOOD MOTOR HOMES OF INDIANA,    Honorable Julian Abele Cook, Jr.
INC., FREIGHTLINER CUSTOM CHASSIS
CORP., and MICHAL ENTERPRISES, INC.

        Defendants.


ORDER

On April 13, 2006, the Plaintiff, Michael Kucinskas, filed a multiple count complaint[1] in the Wayne County Circuit Court of Michigan against those corporate entities[2] who are allegedly responsible for the damages that he sustained as the result of his purchase of a motor home. On October 11, 2007, one of the Defendants, Fleetwood, filed a motion to dismiss after the case was removed to this federal court[3] in which it claimed that Kucinskas had failed to prosecute this action

---

[1] Kucinskas' complaint included counts relating to (1) a breach of warranty of merchantability; (2) a failure to comply with the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (3) a breach of warranty of fitness; (4) revocation; (5) a violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901; (6) negligent repair; and (7) a breach of an express warranty.

[2] The Defendants in this matter are Fleetwood Motor Homes of Indiana, Inc. ("Fleetwood"), Freightliner Custom Chassis Corp. ("Freightliner"), and Michal Enterprises, Inc. In this order, the use of the word, "Defendants," refers only to Fleetwood and Freightliner.

[3] This case was removed from a state court on May 12, 2006 on Freightliner's motion.

in a timely and reasonable manner. Four days later, Freightliner filed a pleading expressing its concurrence with Fleetwood's dispositive motion.

Thereafter, the Court referred this matter to Magistrate Judge Paul J. Komives who issued a report on February 12, 2008 in which he recommended that the Fleetwood and Freightliner motions be granted. As of this date, none of the parties have filed any objections to the report by Magistrate Judge Komives. For the reasons that have been stated below, the Court adopts his report in full, and, in so doing, grants these Defendants' motions to dismiss.

I.

In their opposition pleadings, the Defendants submit that Kucinskas has failed to prosecute his case in a reasonable manner which, in their collective opinion, warrants the dismissal of his claims against them. Fed. R. Civ. P. 37(b)(2)[4] and Fed. R. Civ. P. 41(b).[5] In support of their contention that Kucinskas has failed to prosecute his case with any degree of due diligence, the Defendants note that he failed to attend a status and scheduling conference with the Court on January 23, 2007.[6] On March 20, 2007, the Court entered a set of procedural deadlines in its

---

[4]Fed. R. Civ. P. 37(b)(2) provides, in pertinent part, that: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following . . . (v) dismissing the action or proceeding in whole or in part . . . ."

[5]A portion of Fed. R. Civ. P. 41(b) states as follows: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[6]According to the records in this cause, J. Geoffrey Lahn filed an appearance as the substitute counsel for Kucinskas on October 15, 2007. In filing this appearance, Lahn now serves as the Kucinskas' representative in place of Russell D. Brown whose appearance has been withdrawn. Notwithstanding his formal appearance in this case for nearly one year, there is nothing on this record which suggests that he has undertaken any action to represent the interests of his client in this litigation.

2

Scheduling Order; namely, (1) April 23, 2007: the completion of discovery; (2) May 7, 2007: the final date for the filing of dispositive motions; and (3) April 9, 2007: the last date on which a party could submit a witness list.

On April 25, 2007, Freightliner, acting with the concurrence of the other two Defendants, filed a motion which sought to extend the discovery period in order to depose Kucinskas. The Court granted Freightliner's request and, in so doing, (1) extended the discovery deadline until August 10, 2007, (2) established August 23, 2007 as the final date upon which the parties could file their dispositive motions; and (3) set a final pretrial conference date for April 1, 2008.

II.

The Sixth Circuit Court of Appeals opined that "[a] district court may sanction parties who fail to comply with discovery orders in a variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank of Clevland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Several years ago, the Sixth Circuit declared that "Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery." *Wittman v. Wilson*, 95 Fed. Appx. 752, **2 (6th Cir. 2004) (unpublished).

In 1997, the Sixth Circuit identified four factors that it should employ "when reviewing a decision by a district court to impose sanctions [pursuant to Fed. R. Civ. P. 37(b)(2)] . . . ." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-155 (6th Cir. 1988).[7]

---

[7]In 1999, the Sixth Circuit opined in an unpublished opinion that while the four factor test in *Regional Refuse Sys., Inc.* is no longer applicable to certain discovery issues covered by Fed. R. Civ. P. 37(c)(1) which was passed by Congress in 1993, it still does apply to those

3

> The first factor is whether a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland*, 103 F.3d at 1277.

Although a dismissal is generally considered to be a drastic sanction, there are certain instances when "[t]he use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976)). A case may be dismissed when a plaintiff's failure to respond to a court-ordered discovery request demonstrates evidence of "flagrant bad faith" and "callous disregard." *National Hockey League*, 427 U.S. at 642-43.

In addition, Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, it should be noted "that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). The factors that this Court should consider when seeking to determine whether a case should be dismissed under Fed. R. Civ. P. 41(b) as the result of "contumacious conduct" by a party mirror the

---

cases in which sanctions are brought pursuant to Fed. R. Civ. P. 37(b) or Fed. R. Civ. P. 41(b). *Vance, by and Through Hammons v. United States*, No. 98-5488, 1999 WL 455435, **6 (6th Cir. 1999) (unpublished).

4

same factors that are used in evaluating a request for dismissal pursuant to Fed. R. Civ. P. 37(b)(2).[8]

III.

In their motion to dismiss, the Defendants maintain that Kucinskas' charges should be dismissed because of his refusal to participate in the discovery process. They claim to have suffered severe prejudice as a result of his failure to comply with the rules and orders of this Court. Moreover, they assert that his refusal to comply with these directives has deprived them of the discovery opportunities that would be necessary in order to defend themselves.

In examining the record, Magistrate Judge Komives found that (1) the notice to all of the parties of the court proceedings has always been thorough and (2) Kucinskas' failure to respond to the directives of this Court has been consistent. The Defendants also maintain that they "have not been able to proceed with either the deposition or the inspection [of the motor home at the heart of this litigation]" because neither Kucinskas nor his counsel have ever "agreed to make [him] available for a deposition or the motor home available for an inspection." Upon a review of these circumstances, it is clear to the Court that Kucinskas' "failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Freeland*, 103 F.3d at 1277.

Although the consideration of the Defendants' pending motion is the first irrefutable evidence of an evaluation by the Court relating to the issue of whether Kucinskas' claims against Fleetwood and Freightliner should be, or should not, be dismissed, "the absence of notice as to the

---

[8]These factors include "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)).

possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

In the case at hand, Kucinskas has, or should have, been aware of the pending dispositive motion before this Court since October 2007. Kucinskas' failure to respond to this motion as well as his acquiescence to the report from the magistrate judge which was unfavorable to him are further demonstrations that (1) the decision not to prosecute this lawsuit is presumptive evidence of willfulness, bad faith, or fault, (2) the Defendants have been prejudiced in their inability to protect themselves from liability by his conduct, (3) the scheduling notices from the Court have, or should have, made him aware of the pending motion to dismiss in this litigation, and (4) any judicially imposed sanction short of a dismissal[9] would be an exercise in futility and would result in unnecessary delays in the prosecution of this case and an unwarranted expenditure of costs by the parties.

IV.

A review of the record in this case indicates that Kucinskas' noncompliance with the

---

[9]"Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions *designed to achieve compliance.*" *Little*, 984 F.2d at 162 (citing *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)) (emphasis added).

6

discovery schedule and his failure to proceed in the prosecution of this action in a reasonably expeditious manner, as demonstrated by his (1) absence (or his counsel) from the status/scheduling conference; (2) failure to initiate any contact with the Defendants (or their attorneys) to prepare a joint pretrial order; (3)declination to produce the required witness list, (4) refusal to make himself available for a deposition or his vehicle for inspection; and (5) decision not to respond to the currently pending dispositive motion and the report from Magistrate Judge Komives, provide the Court with a sufficient basis upon which to dismiss all of the now-pending claims against Fleetwood and Freightliner for failure to obey a discovery order (Fed. R. Civ. P. 37(b)(2)) and for failure to prosecute (Fed. R. Civ. P. 41(b)).

For the reasons that have been set forth above, the Court will, and does, adopt Magistrate Judge Komives' report and recommendation in full. Accordingly, the Defendants' motions to dismiss is granted, and all of Kucinskas' claims against Fleetwood and Freightliner are dismissed in full.

IT IS SO ORDERED.

Dated:  September 23, 2008           s/ Julian Abele Cook, Jr.
        Detroit, Michigan            JULIAN ABELE COOK, JR.
                                     United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2008.

                                     s/ Kay Alford
                                     Case Manager